


4/22/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LAKSHMI ARUNACHALAM, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 20-3734 (UNA) |
| SCOTT S. HARRIS, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff describes herself as "the inventor of the Internet of Things (IoT)" and claims ownership of eleven U.S. patents covering her innovations. Compl. ¶ 8. She has filed "over 100 cases" in federal courts, *id.* ¶ 14, pertaining to the benefits major corporations purportedly derive from "their continued, unlicensed use of [plaintiff's] intellectual property," *id.* ¶ 20. Plaintiff's efforts to seek redress in the federal courts apparently have been unsuccessful, as she alleges here that the Clerks of the Supreme Court of the United States, the United States Court of Appeals for the Federal Circuit, and the United States District Court for the District of Delaware have "filed defamatory Orders" characterizing her cases as frivolous, malicious, vexatious, or harassing. *Id.* ¶ 14. Plaintiff further alleges that Law360, publisher of "daily newsletters and news articles" for "subscribers includ[ing] law firms, corporations and government agencies," *id.* ¶ 6(c), has defamed her as well by publishing the offending orders, *see id.* ¶¶ 16, 19, 23, 29. The filing and dissemination of these orders allegedly prevents plaintiff from pursuing her patent infringement, antitrust, and RICO claims in the federal courts and results in substantial financial losses. *See,*

*e.g., id.* ¶¶ 17, 20. Plaintiff seeks a writ of mandamus and awards of $100 billion in compensatory damages and $500 billion in punitive damages. *Id*. ¶ 49.

Plaintiff's claims against the Clerks of Court fail. Judges enjoy absolute immunity from liability for damages for acts taken in their judicial capacities. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"). The issuance of orders in proceedings before them is a judicial act. *See, e.g., Burger v. Gerber*, No. 01-5238, 2001 WL 1606283, at *1 (D.C. Cir. Nov. 20, 2001) (per curiam) (affirming dismissal on judicial immunity grounds a claim against United States Tax Court Judge where "[t]he action about which appellant complains – ruling on a motion to dismiss a tax court petition – was well within the judge's judicial capacity"); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (finding that "judge's decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit"), *aff'd*, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015).

The immunity that judges enjoy extends to Clerks of Court performing "tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *Evans v. Suter*, 260 F. App'x 726 (5th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1282 (2008). The filing of judges' orders is obviously integral to the judicial process, which renders these defendants immune from plaintiff's suit for damages. *See, e.g., Jones v. U.S. Supreme Court*, No. 10-0910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) (concluding that court clerks are immune from suits for damages arising from activities such as the "receipt and processing of a litigant's filings"), *aff'd*, 405 F. App'x 508 (D.C. Cir. 2010), *aff'd*, 131 S. Ct.

1824 (2011); *Hurt v. Clerks, Superior Court of District of Columbia*, No. 06-CV-5308, 2006 WL 3835759, at *1 (D.C. Cir. Dec. 22, 2006) (per curiam) (affirming the dismissal of an action against judicial clerks to whom absolute judicial immunity is extended); *Sindram*, 986 F.2d. at 1461 (citations omitted).

Plaintiff's claims against Law360 fare no better. Under the mandamus statute, *see* 28 U.S.C. § 1361, plaintiff cannot obtain relief from a private or non-federal entity. *See, e.g., Meadows v. Explorer Pipeline Co.*, Nos. 13–CV–568 and 13–CV–680, 2014 WL 1365039, at *7 (N.D. Okla. Apr. 7, 2014) (finding that, under § 1361, "a mandamus action does not lie against a private corporation"); *Banks v. Dusquesne Light Co.*, No. 2:13–CV–1350, 2013 WL 6070054, at *4 (W.D. Pa. Nov. 14, 2013) (finding that mandamus relief under § 1361 cannot be obtained against utility companies and their employees); *Syngenta Crop Protection, Inc. v. Drexel Chemical Co.*, 655 F. Supp. 2d 54, 62 (D.D.C. 2009) (concluding that 28 U.S.C. § 1361 does not confer subject matter jurisdiction in case where plaintiff sought to compel private, not federal, entities to act).

For these reasons, the Court will dismiss the complaint and this civil action. Plaintiff's application to proceed *in forma pauperis* will be granted. An Order is issued separately.

DATE: April 22, 2021

/s/
CHRISTOPHER R. COOPER
United States District Judge