**Leave to file DENIED.**
**/s/_____**
**TREVOR N. McFADDEN**
*United States District Judge*
**The court has already considered two lengthy motions for reconsideration, see ECF Nos. 5-6, containing substantially similar arguments, and accordingly denied relief. This submission is entirely duplicative and similarly fails to present a basis for relief.**

From
Dr. Lakshmi Arunachalam, a woman
222 Stanford Avenue, Menlo Park, CA 94025
650 690 0995; Laks22002@yahoo.com
*Self-Represented Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dr. Lakshmi Arunachalam,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT S. HARRIS, et al,<br><br>Defendants | **Civil Action No. 20-3734 (UNA)**<br><br>**MOTION FOR RELIEF FROM A JUDGMENT OR ORDER DATED 4/22/21 PURSUANT TO FRCP 60(d)(3) TO SET ASIDE A JUDGMENT FOR FRAUD ON THE COURT.** |

Plaintiff, Dr. Lakshmi Arunachalam, a woman, ("Dr. Arunachalam"), a 73-year old disabled ethnic female of color, thought leader and **inventor** of a dozen patents on the Internet of Things (IoT) – Web Apps displayed on a Web browser, with a priority date of 11/13/95, hereby files this Motion For Relief From A Judgment Or Order Dated 4/22/21 Pursuant To FRCP 60(d)(3) To Set Aside A Judgment For Fraud On The Court.

The Court's Memorandum Opinion and Order Dated 4/22/21 are void for want of jurisdiction, in the first place for breaching its Oath of Office; and the court had no discretion to set aside its oath of office in order to make the void judgment, in the second place. The Court's findings were premature because Judge Cooper failed to prove jurisdiction after breaching his solemn oath of office. The Court must vacate its ruling, prove jurisdiction and then make a ruling

consistent with the Law of the Land. All Orders and Judgment by the Court are void until the Court proves jurisdiction[1].

The Judge failed to follow Judicial Canons 2 and 2A in violating the law and the law is the Constitution and *stare decisis* Supreme Court Precedents — the *Mandated Prohibition* from repudiating patent contract grants by the absolute highest authority— the Supreme Law of the Land, as declared by Chief Justice J. Marshall in *Fletcher v. Peck, Dartmouth College, Grant v. Raymond* and other affirmations thereof in accord with the Contract Clause of the Constitution..

> **"Canon 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities.**
> (A) *Respect for Law*. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."
> **"Canon 2A.** An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges, including harassment and other inappropriate workplace behavior. A judge must avoid all impropriety and appearance of impropriety. This prohibition applies to both professional and personal conduct. A judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by the ordinary citizen. Because it is not practicable to list all prohibited acts, the prohibition is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code. Actual improprieties

---

[1] "However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction….6 Peters, 709; 4 Russell, 415; 3 Peters, 203-7" Cited by *Rhode Island v. Massachusetts*, 37 U.S. 657, 718 (1838).
"No officer can acquire jurisdiction by deciding that he has it. In all such cases, every officer, whether judicial or ministerial, decides at his peril.'" *Middleton v. Low, Governor of California* (1866), 30 Cal. 596, 607.
"But where the question upon which the jurisdiction depends is one of law purely, the jurisdiction over the subject matter is always open to collateral inquiry . . . The judgment in question, being wholly void as a final judgment ..." *Arroyo D. & W. Co. v. Superior Court,* 92 Cal. 52, 2S Pac. 54, 27.

<u>under this standard include violations of law, court rules, or other specific provisions of this Code</u>."

This Court's decision in **ECF 3** and **ECF 4** is contrary to the following decisions of the Supreme Court of the United States or precedents of the U.S. Supreme Court and of the Federal Circuit:

*Taylor v. Riojas*, 592 U.S. __ (2020) in U.S. Supreme Court Case No. 19-1261;

*Tanzin v. Tanvir*, U.S. Supreme Court Case No. 19-71, 592 U.S. __ (2020);

*U.S. v. Agusto Niz-Chavez,* U.S. Supreme Court ruling on 4/29/21;

*Elliott v. Piersol*, 26 U.S. 328, 240 (1828);

*Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974);

*Cooper v. Aaron*, 358 U.S. 1 (1958);

*U.S. v. Will*, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L. Ed. 2d. 392, 406 (1980);

*Cohens v. Virginia*, 19 US. 264 (1821);

*Ableman v. Booth*,  62 U.S. 524 (1859);

*Sterling v. Constantin,* 287 U.S. 397 (1932);

*U.S. v. Burr*, 25 F. Cas. 55, 161 (CCD, Va. No. 14693);

*Central Land Company v. Laidley,* 150 U.S. 103 (1895);

*Jordan v. Mass.,* 225 U.S. 167 (1912);

*Falls Brook Irrigation District v. Bradley,* 164 U.S. 167-70 (1896);

*Louisville & Nashville Railway Co. v. Kentucky,* 183 U.S. 516 (1902)*;*

*C.B. & Q. Railway v. Babcock,* 204 U.S. 585 (1907);

*Rhode Island v. Massachusetts*, 37 U.S. 657, 718 (1838);

*Festo Corp. v Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722 (2002);

*Kumar v. Ovonic Battery Co., Inc. And Energy Conversion Devices, Inc.,* Fed. Cir. 02-1551, -1574, 03-1091 (2003); 351 F.3d 1364, 1368, 69. (2004);

*Brooks v. Yawkey*, 200 F. 2d 633 (1953);

*Stanard v. Olesen,* 74 S. Ct. 768 (1954);

*Trustees of Dartmouth College v. Woodward*, 17 U.S. 518 (1819);

*Grant v. Raymond,* 31 U.S. 218 (1832);

*U.S. v. American Bell Telephone Company*, 167 U.S. 224 (1897);

*Fletcher v. Peck,* 10 U.S. 87 (1810);

*Arunachalam v. Lyft*, 19-8029, voiding all Orders in **all** of my Supreme Court cases, for want of jurisdiction;

*Aqua Products Inc. v. Matal*, Fed Cir. Case 15-1177, October 4, 2017;

*Arthrex, Inc. v. Smith & Nephew, Inc.,* No. 2018-2140, slip op. (Fed. Cir. Oct. 31, 2019);

*Virnetx Inc. v. Cisco Systems and USPTO* (intervenor) (Fed. Cir. 5/13/2020);

*Cherrington v. Erie Ins. Property and Cas. Co.*, 75 S.E. 2d. 508, 513 (W. Va, 2013);

*Brown v. Culpepper,* 559 F.2d 274, 278 (5th Cir. 1977);

*Bradley v. Richmond School Board*, 416 U.S. 696, 723 (1974);

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983);

*Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 791 (1989);

*Farrar v. Hobby*, 506 U.S. 103 (1992);

*Blum v. Stenson*, 465 U.S. 886, 898-900 (1984);

*Fleischmann v. Maier Brewing Co.,* 386 U.S. 714, 718 (1967);

*Pence v Langdon*, 99 US 578 (1878);

*Waters-Pierce Oil Co. v. Texas*, 212 U.S. 86 (1909);

*State Farm v. Campbell*, 538 U.S. 408 (2003);

*Furman v. Georgia*, 408 U.S. 238 (1972);

*Solem v. Helm*, 463 U.S. 277 (1983);

*Weems v. United States*, 217 U.S. 349 (1910);

*Robinson v. California*, 370 U.S. 660 (1962); and

First, Fifth, Seventh, Eighth and Fourteenth Amendments.

This Court's ruling is directly contrary to and failed to consider the U.S. Supreme Court's recent rulings in *Taylor v. Riojas*, 592 U.S. __ (2020) in U.S. Supreme Court Case No. 19-1261; *Tanzin v. Tanvir*, U.S. Supreme Court Case No. 19-71, 592 U.S. __ (2020); in both of which the **Supreme Court ruled that federal officials and judges are liable for damages and are not immune**, **in direct opposition to Judge Cooper's ruling to the contrary**; and the U.S. Supreme

Court's 4/29/21 ruling, that faulted the federal government for improperly notifying a man to appear for a removal hearing. The justices, in a 6-3 decision that divided the high court's conservative bloc, overturned a lower court's/Sixth Circuit's decision against improper notice of a hearing in *U.S. v. Agusto Niz-Chavez*. On that basis alone, the Orders in all my cases are void, because there was never a hearing, nor a notice of any hearing, in an egregious denial of due process in over a 100 cases, <u>including in this case</u>. The Court's ruling with regard to IPLaw 360 is an erroneous and fraudulent rendition of the law. This Court is colluding with the Federal Circuit and has made a False and Official Statement that a defamation lawsuit, erroneously dubbing it as Mandamus, cannot hold against "a private entity." Judge Cooper has joined the ranks of those officials who have breached their oaths of office and committed hate crime against me, and his orders are void and unconstitutional, because he lost jurisdiction in breaching his oath of office.

This Court's Orders **ECF 3** and **ECF 4** are erroneous and fraudulent that "Judges enjoy absolute immunity from liability for damages for acts taken in their judicial capacities,…immunity that Judges enjoy extends to Clerks of Court…defendants immune from plaintiff's suit for damages " glaringly omitting that the Judges breached their solemn oaths of office, and completely contrary to what the U.S. Supreme Court ruled recently in *Taylor v. Riojas*, 592 U.S. __ (2020) in U.S. Supreme Court Case No. 19-1261; *Tanzin v. Tanvir*, U.S. Supreme Court Case No. 19-71, 592 U.S. __ (2020);  in both of which the **<u>Supreme Court ruled that federal officials and judges are liable for damages and are not immune</u>**, **<u>in direct opposition to Judge Cooper's ruling to the contrary</u>**.

Judge Cooper breached his solemn oath of office and violated the law and the law is the Constitution and failed to uphold *stare decisis* Supreme Court Precedents — the *Mandated Prohibition* from repudiating patent contract grants by the absolute highest authority — declared

5

by Chief Justice Marshall in *Fletcher v. Peck* (1810), *Trustees of Dartmouth College v. Woodward* (1819), *Grant v. Raymond*, *et al* in accord with the Contract Clause of the Constitution. The Judge violated the Separation of Powers Clause of the Constitution and Appointments Clause of the Constitution and failed to report that the PTAB's rulings are void, because the PTAB rulings are in contempt of the Contract Clause, Separation of Powers Clause and Appointments Clause of the Constitution and that the PTAB failed to enforce *stare decisis* Supreme Court Precedents — the *Mandated Prohibition* from repudiating patent contract grants by the absolute highest authority — declared by Chief Justice Marshall in *Fletcher v. Peck* (1810), *Trustees of Dartmouth College v. Woodward* (1819), *Grant v. Raymond* , *et al.* To the contrary, the Judge made False Official Statements  and did not report the Defendants to the authorities for making False Official Statements, in contempt of *stare decisis* Supreme Court Precedents — the *Mandated Prohibition* from repudiating patent contract grants by the absolute highest authority — declared by Chief Justice Marshall in *Fletcher v. Peck* (1810), *Trustees of Dartmouth College v. Woodward* (1819), *Grant v. Raymond*, *et al* in accord with the Contract Clause of the Constitution. Defendants made misrepresentations to the Court, in reckless disregard for the truth and the Judge remained silent as fraud that PTAB Judges Siu and McNamara, by their own financial disclosure statements, had direct stock in Microsoft, the Petitioner who challenged Dr. Arunachalam's patents in re-exams, and all rulings by the PTAB are void, and that the PTAB failed to consider material *prima facie* intrinsic evidence of Patent Prosecution History and that *Aqua Products'* ruling by the Federal Circuit had already voided such Orders that failed to consider "the entirety of the record" – Patent Prosecution History. Judge Cooper collusively only further perpetrated the fraud by the USPTO against the inventor, with the entire Patent System, operating as a criminal enterprise, defrauding the public.

**THE FACT OF THE MATTER — THE STATE OF THE UNION — IS:** there is no middle ground. The Court is not fooling anyone. The three Branches of Government concertedly share a common objective — to remain silent as fraud, willfully and wantonly avoiding enforcing *Fletcher* and the Supreme Court's Governing *stare decisis* Precedents. Why has the Judiciary not enforced *Fletcher* and the Supreme Court's Governing *stare decisis* Precedents? They know why — <u>because enforcing *Fletcher* exposes the entire Patent System, operating as a **CRIMINAL ENTERPRISE, DEFRAUDING THE PUBLIC**</u>.

The Judge was perpetrating fraud against the inventor Dr. Arunachalam. Dr. Arunachalam here and now requests the Judge to prove jurisdiction on the record and to provide his oath of office with bond and insurance company information, anti-corruption Statement and Foreign Registration Statement by the FARA Act of 1938, as amended.

1. **JUDGE COOPER FAILED TO CONSIDER THAT THE PTAB JUDGMENT IS VOID.**

Chief Justice Marshall stated in *Dartmouth*,

> "Circumstances have not changed it. In reason, in justice, and in law, it is now what was in 1769… **The law of this case is the law of all**… The opinion of the Court, after mature deliberation, is that this is a contract the obligation of which cannot be impaired without violating the Constitution of the United States… It results from this opinion that the acts of" (emphasis added) the Judiciary "are repugnant to the Constitution of the United States, and that the judgment on this special verdict ought to have been for the Petitioner."

If a doubt could exist that a grant is a contract, the point was decided in *Fletcher*. If, then**, a grant be a contract within the meaning of the Constitution of the United States**, Chief Justice Marshall stated: "these principles and authorities prove **incontrovertibly that**" a patent grant "**is a contract.**" Chief Justice Marshall declared that any acts and Orders by the Judiciary that impair the obligation of the patent grant contract within the meaning of the Constitution of the United States **"are consequently unconstitutional and void."** Judge Cooper failed to consider that the

PTAB's Order and Judgment impair the obligation of the patent grant contract within the meaning of the Constitution of the United States and **"are consequently unconstitutional and void."**

Furthermore, the **Opinion and Order** entered in this case on 4/22/2021, **prematurely without prove jurisdiction on record after losing it by breaching his oath of office**, violates the process. The Judge cannot act until he proves jurisdiction. The Court cannot "move one further step in the cause," until jurisdiction is proven. "…Federal jurisdiction cannot be assumed, but must be clearly shown." *Brooks v. Yawkey*, 200 F. 2d 633. **The Court must vacate its Judgment, prove jurisdiction and then make a ruling consistent with the Law of the Land**. **Deviation from procedural rules proves intent to obstruct justice**.

Judge Cooper stayed his Oath of Office and failed to address the *Fletcher* Challenge and failed to enforce *Fletcher*, *Dartmouth College*, *Grant v. Raymond*, and other *stare decisis* Governing Supreme Court Precedents — the *Mandated Prohibition* from repudiating patent contract grants by the absolute highest authority— the Supreme Law of the Land, as declared by Chief Justice J. Marshall, he has lost jurisdiction and immunity, and cannot rule in this Case. Hence, his Order is void. **Judge Cooper failing to consider all the intervening facts and the law and pushing to rule WITHOUT considering the new constitutional issues raised by Plaintiff runs PROCEDURALLY AFOUL, making his Order Void, erroneous and fraudulent renditions of the legal and factual basis of the case. Chief Justice Marshall already ruled in *Dartmouth* that "The Law of this Case is the Law of all. There is nothing for the Court to act upon,"** as Chief Justice Marshall declared in *Dartmouth College*, but simply to perform their duty and uphold their solemn oaths of office, as there is no case or controversy that it is undisputed that the Court has a duty to enforce the *Mandated Prohibition* against repudiating Government issued Contract Grants declared by Chief Justice Marshall as delineated in *Fletcher*

8

*v. Peck* (1810), *Trustees of Dartmouth College v. Woodward* (1819) — Governing Supreme Court Precedent Law of the Case and The Supreme Law of the Land — the SOLE issue, UNDISPUTED material fact and LAW OF THE CASE, integral to all of my cases and *prima facie* evidence of the validity of all of my claims which the Judiciary has been avoiding at the cost of their Oaths. Judge Cooper must recuse, for frustrating the proceedings; for obstructing justice; for violating his oath of office; Judge Cooper's Orders are out of order procedurally. This Court's decision conflicts with decisions of the United States Supreme Court, namely, *Fletcher v. Peck,* 10 U.S. 87 (1810); *Trustees of Dartmouth College v. Woodward,* 17 U.S. 518 (1819); and the precedent(s) of the Federal Circuit, *Aqua Products Inc. v. Matal*, Fed. Cir. 15-1177 (2017) — the Supreme Law of the Land and Law of the Case — by oppression and FALSE OFFICIAL STATEMENTS. **Judge Cooper played foul in his Erroneous and Fraudulent Orders by failing to consider all the facts and the law, makes his process a fraud.** Furthermore, <u>a false claim of collateral estoppel</u> of **void orders** <u>from a judge who by his own admission bought stock in defendant JPMorgan Chase & Co. during the pendency of the case, lost subject matter jurisdiction,</u> and a PTAB Judge who held stock in Microsoft by his own annual financial disclosure statement, and **the PTAB Panel of APJs unconstitutionally appointed**, as per the Federal Circuit's *Arthrex* and *VirnetX* rulings, making their rulings void, and in violation of the Constitution and the Law of the Land as declared in *Fletcher v. Peck*, 10 U.S. 87 (1810) that a <u>Grant is a Contract</u> that cannot be rescinded by the absolute highest authority, and not consistent with Procedural Rules and Law of the Land — the *Fletcher* Challenge — and Law of the Case and without considering material *prima facie* evidence of Patent Prosecution History nor applying the Federal Circuit's *Aqua Products Inc. v. Matal*, Fed. Cir. Case No. 15-1177, October 4, 2017 reversal of all Orders that failed to consider "the entirety of the record"— Patent Prosecution History, denying Dr. Arunachalam due process, <u>making it</u>

9

<u>hazardous, expensive and burdensome for Dr. Arunachalam to have access to the Court</u>, <u>all in violation of the Constitution</u>, all of which render all rulings void and unconstitutional in all of Plaintiff's cases in the District and Circuit Courts and in the PTAB, which corruptly, disparately, baselessly ruled Plaintiff's claims invalid in **December 2017** without considering Patent Prosecution History and ignoring and failing to apply the Federal Circuit's ruling of **October 2017** in *Aqua Products v. Matal* that reversed all Orders that failed to consider "the entirety of the record"— Patent Prosecution History, all without any basis in facts or the law or patent statutes nor providing "clear and convincing evidence" of invalidity and failing to consider *material prima facie* evidence of Patent Prosecution History, which shows the claim terms are not indefinite nor not enabled with clear written description in the patent specification and Patent Prosecution History.

Judge Cooper ordered and condemned before inquiry. "No man (or woman) should be **condemned** unheard." Judge Cooper denied Plaintiff "procedural due process of law"**.** — "a law which hears **before it condemns**; which proceeds upon **inquiry**, and renders judgment only after trial." Judge Cooper made **it expensive, hazardous and burdensome for me to have access to the Court, which violates the Constitutional provision**. See ALP Vol. XII, Secs 140 and 141.

The Judge breached his oath of office in violating the Constitution and *stare decisis* Supreme Court Precedents — the *Mandated Prohibition* from repudiating patent contract grants by the absolute highest authority — declared by Chief Justice Marshall in *Fletcher v. Peck* (1810), *Trustees of Dartmouth College v. Woodward* (1819), *Grant v. Raymond*, *et al* in accord with the Contract Clause and Separation of Powers Clause of the Constitution. The Judge setting aside his solemn oath, not proving jurisdiction after losing it by breaching his oath of office and his omission to follow Judicial Canons 2, 2A, 3A (1), 3A(4), 3A(5), 3B (1), 3B(2), 3B(6), 3C(1) all require him

to either enforce the *stare decisis* Supreme Court Precedents — the *Mandated Prohibition* from repudiating patent contract grants by the absolute highest authority — declared by Chief Justice Marshall in *Fletcher v. Peck* (1810), *Trustees of Dartmouth College v. Woodward* (1819), *Grant v. Raymond*, *et al* in accord with the Contract Clause and Separation of Powers Clause of the Constitution  <u>or leave the bench</u>. Judge Cooper lost his jurisdiction when he stayed his oath of office and failed to enforce the *stare decisis* Supreme Court Precedents — the *Mandated Prohibition* from repudiating patent contract grants by the absolute highest authority — declared by Chief Justice Marshall in *Fletcher v. Peck* (1810), *Trustees of Dartmouth College v. Woodward* (1819), *Grant v. Raymond*, *et al* in accord with the Contract Clause and Separation of Powers Clause of the Constitution. Therefore, the Memorandum Opinion and Order of 4/22/21 are void. Besides, Chief Justice Marshall already ruled them void and unconstitutional for impairing the obligation of the patent grant contract within the meaning of the Constitution. "The acts of" (emphasis added) the Judiciary "are repugnant to the Constitution of the United States, and that the judgment on this special verdict ought to have been for the Petitioner (Dr. Arunachalam)."

<u>*Wherefore*</u>, Plaintiff's FRCP Rule 60(d)(3) Motion should be granted. A Certificate of Service is attached.

May 4, 2021                                        Respectfully submitted,

*Lakshmi Arunachalam*
Dr. Lakshmi Arunachalam, a woman,
222 Stanford Avenue, Menlo Park, CA 94025
(650) 690-0995; laks22002@yahoo.com
*Self- Represented*
*Dr. Lakshmi Arunachalam, a woman*

11

## CERTIFICATE OF SERVICE

I certify that on May, 2021, I filed an original of the foregoing paper, with the Clerk of the Court in the United States District Court for the District of Columbia, via USPS Priority Express Mail for overnight delivery and via email per COVID Rules, to:

The Clerk of the Court,
**U.S. District Court for the District of Columbia**,
333 Constitution Ave. NW, Washington, DC 20001
Tel:  (202) 354-3000

and I certify that on the same day,  I served a copy on all   Defendants via Express Mail  via the U.S. Postal Service for overnight delivery at the addresses listed in my Complaint.

May 4, 2021						Respectfully submitted,

							*[signature: Lakshmi Arunachalam]*

							Dr. Lakshmi Arunachalam, a woman,
							222 Stanford Avenue, Menlo Park, CA 94025
							Tel: 650.690.0995;Email: laks22002@yahoo.com

							*Dr. Lakshmi Arunachalam, a woman, Self-Represented*