UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAKSHMI ARUNACHALAM, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:20-cv-03734 (UNA) |
| ) | |
| SCOTT S. HARRIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER

This matter is currently before the court on review of plaintiff's two motions for reconsideration, and an application for leave to proceed *in forma pauperis* ("IFP") on appeal. The motions for reconsideration will be denied and the IFP application will be granted.

On April 22, 2021, this case was dismissed for failure to state a claim for mandamus against a private or non-federal entity, and on the basis of judicial immunity. On May 5, 2021, plaintiff filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60(a), and on the same date, plaintiff filed a motion for relief pursuant to Fed. R. Civ. P. 59(e) and 52(b). Plaintiff seeks to vacate the judgment of dismissal.

Motions submitted pursuant to Fed. R. Civ. P. 59(e) need not be granted "unless the district court finds that there is an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (cleaned up); *Miss. Ass'n of Cooperatives v. Farmers Home Admin.*, 139 F.R.D. 542, 546 (D.D.C. 1991) ("[A] motion for reconsideration must address new evidence or errors of law or fact and cannot merely reargue previous factual and legal assertions.").

Federal Rule 52(b) "permits the trial court to correct manifest errors of law or fact, make additional findings or take other action that is in the interests of justice." *Bigwood v. DIA*, 770 F.

Supp. 2d 315, 318 (D.D.C. 2011) (citing *Material Supply Int'l, Inc. v. Sunmatch Indus. Co.*, 1997 WL 243223, at *2 (D.D.C. May 7, 1997)); *see also Salazar v. District of Columbia*, 685 F. Supp. 2d 72, 75 (D.D.C. 2010) (noting that Rule 52(b) does not provide a party with a "second opportunity to litigate a point, to present evidence that was available but not previously offered, or to advance new theories by moving to amend a particular finding of fact or conclusion of law").

Finally, "'[t]he decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court.'" *Kareem v. FDIC*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (quoting *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993)). Motions for reconsideration are "disfavored" and "granting . . . such a motion is . . . an unusual measure [.]" *Cornish v. Dudas*, 813 F. Supp. 2d 147, 148 (D.D.C. 2011) (internal quotation marks omitted) (citing *Kittner v. Gates*, 783 F. Supp. 2d 170, 172 (D.D.C. 2011)).

Both of plaintiffs' prolix motions reassert the same rambling facts and arguments that were set forth in the complaint. She again disagrees with unfavorable decisions rendered in various federal courts, which she believes constitute a widespread and long-term conspiracy orchestrated by the judiciary and federal government to infringe upon her constitutional rights and deny her justice. She contends that the dismissal in this matter is yet another example of this conspiracy against her and alleges that the *sua sponte* dismissal represents a denial of due process and other fundamental rights, among other more frivolous and fantastic accusations. Further, plaintiff fails to recognize that, where a litigant is proceeding IFP, the court is specifically tasked with screening and mandated to dismiss certain deficient claims *sua sponte* at the outset of filing. *See* 28 U.S.C. § 1915(e). A court may also dismiss a matter *sua sponte* at any time it determines that a complaint fails to comply with Fed. R. Civ. P. 8(a), *see Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (collecting cases), for failure to state a claim pursuant to Fed. R Civ. P. 12(b)(6), *see Baker*

*v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990), or for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (mandating that a court dismiss such an action at any time).

In sum, the court finds no merit in plaintiff's arguments, and therefore, no basis by which to alter the judgment and/or reopen this case.

Accordingly, it is

**ORDERED** that plaintiff's first motion for reconsideration, ECF No. 5, and second motion for reconsideration, ECF No. 6, are **DENIED**, and it is further

**ORDERED** that plaintiff's application for leave to proceed IFP on appeal, ECF No. 9, is **GRANTED**, and it is further

**ORDERED** that the Clerk for the District Court for the District of Columbia will immediately notify the United States Court of Appeals for the District of Columbia Circuit regarding the disposition.

Dated: 5/24/2021

TREVOR N. McFADDEN
United States District Judge